| | | |
|---|---|---|
| TRAVIS JAMES TUDOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Travis James

Tudor's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)

## I.      BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who pled guilty in Mecklenburg

County Superior Court on three separate dates to three unrelated offenses.[1]  He pled guilty to one

count of possession of a firearm by a felon on September 25, 2017, for which he received a 13 to

25-month prison sentence.  On October 6, 2017, he pled guilty to one count of possession of

marijuana for which he received an 8 to 19-month prison sentence, and on November 30, 2017,

he pled guilty to one count of larceny over $1,000 for which he received a 12 to 24-month prison

sentence.  (§ 2254 Pet. 1, Doc. No. 1.)

According to North Carolina Department of Public Safety ("NCDPS") records, the trial

court ordered that the October 6, 2017 sentence run concurrent to the sentence imposed on

---

[1] The convictions stemmed from offenses that occurred on three different dates.  (§ 2254 Pet. 1, Doc. No. 1.)

September 25, 2017, and that the November 30, 2017 sentence run consecutive to the October 6, 2017 sentence.[2]  Petitioner has completed both his September 25, 2017 and October 6, 2017 sentences; he began serving his November 30, 2017 sentence on July 5, 2018.  <u>See</u> NCDPS Offender Public Info. website, <u>supra</u>, at n.2.

The § 2254 Petition does not indicate whether Petitioner appealed any of the judgments. It is clear, however, that Petitioner did not seek post-conviction relief by way of a motion for appropriate relief ("MAR") in the trial court prior to filing the instant habeas Petition.  He filed his habeas Petition on November 7, 2018, when he signed it under penalty of perjury and placed it in the prison mail system (§ 2254 Pet. 12).  <u>Houston v. Lack</u>, 487 U.S. 266, 267 (1988).

## II.     STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.  The Court concludes that the Petition should be dismissed without prejudice for several reasons, including for failure to exhaust state court remedies.

## III.    DISCUSSION

### A.  Rules Governing § 2254 Cases

Rule 2(e) of the Rules Governing Section 2254 Cases dictates that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."  Although all three of Petitioner's 2017 judgments

---

[2] <u>See</u> NCDPS Offender Public Information, https://webapps.doc.state.nc.us./opi/offendersearch.do?method=view (last viewed Nov. 29, 2018).

2

were issued by the Mecklenburg County Superior Court, they were issued during different

sessions of criminal court.  Therefore, for the purposes of Rule 2(e), each judgment was issued

by a different court.  See generally State v. Boone, 311 S.E.2d 552 (N.C. 1984), superseded by

statute on other grounds as stated in State v. Oates, 732 S.E.2d 571 (N.C. 2012).  Consequently,

Petitioner may not challenge his three 2017 judgments in a single § 2254 petition but must file a

separate petition for each judgment.  See § 2254 Rules, Rule 2(e).  The instant Petition shall be

dismissed without prejudice for failure to comply with § 2254 Rule 2(e).

## B. Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 requires that a petitioner

exhaust his available state remedies before he may pursue habeas relief in federal district court.

28 U.S.C. § 2254(b)(1)(A).[3]  That is, he must provide the state courts a full and fair opportunity

to resolve federal constitutional claims before those claims are presented through a habeas

petition in federal court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  "A habeas

petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each

appropriate state court . . . thereby alerting that court to the federal nature of the claim.'"

Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27,

29 (2004)).  "Fair presentation" requires a petitioner to show "that 'both the operative facts and

the controlling legal principles [were] presented to the state court.'"  Jones v. Sussex I State

Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th

---

[3] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  § 2254(b)(1)(A) & (B).

Cir. 2000)). Furthermore, the prisoner must present the federal claim to all appropriate state courts, including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845.

As an initial matter, Petitioner does not indicate whether he filed a direct appeal challenging his judgments; those pages are missing from his § 2254 form. That fact is not necessarily fatal to a § 2254 petition, if the petitioner demonstrates that he has exhausted his habeas claims by properly raising them elsewhere in the state courts, specifically, in North Carolina, in an MAR filed in the trial court and a petition for writ of certiorari filed in the North Carolina Court of Appeals. See id. Petitioner, however, has attached documents to the instant Petition that demonstrate he has *not* exhausted his state court remedies.

Attached to the Petition are standard forms a North Carolina inmate may use to file various pleadings in the state and federal courts, including an MAR, a petition for writ of certiorari to the North Carolina appellate courts, objections to the recommendations of a United States magistrate judge, a notice of appeal to the Fourth Circuit Court of Appeals, and a request for a certificate of appealability from the Fourth Circuit. (Pet'r's Att., Doc. No. 1-1.) Petitioner signed or executed each of the forms on November 7, 2018, the same day he filed the instant § 2254 Petition. Accordingly, he could not have exhausted his state court remedies prior to filing the instant Petition.

Moreover, it is not clear that Petitioner has filed his MAR or his motion for preparation of stenographic transcript (Pet'r's Att., Doc. No. 1-1 at 7-13) in the Mecklenburg County Superior Court. The Court suspects that Petitioner may be under the mistaken impression he has to file those motions in this Court to launch a collateral attack on his state convictions. Out of an abundance of caution, the Court shall direct the Clerk of Court to return Petitioner's original

documents to him, so that he may file them in the appropriate state courts if he has not already done so.

Because he has not provided the state courts a full and fair opportunity to resolve his federal constitutional claims, Petitioner has not exhausted his available state remedies. See O'Sullivan, 526 U.S. at 845. Therefore, the Court shall dismiss the instant habeas Petition without prejudice so that Petitioner may cure the exhaustion defect and seek future habeas relief, if he wishes. Petitioner is forewarned, however, that a one-year statute of limitations applies to the filing of a § 2254 petition. See 28 U.S.C. § 2244(d)(1). Generally, the statute of limitations begins to run on the date a petitioner's conviction becomes final, see § 2244(d)(1)(A), and is tolled while a properly filed post-conviction action is pending in the state courts, see § 2244(d)(2).

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice;

2) The Clerk of Court is directed to return all of Petitioner's original documents (Doc. No. 1 and Doc. No. 1-1) to him; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must

establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 30, 2018

Frank D. Whitney
Chief United States District Judge